# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| IZET TAHIROVIC,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 18-CV-2085-LRR<br><br>**ORDER** |

_____

*I.*   *INTRODUCTION*..................................................................................*1*
*II.*  *RELEVANT PROCEDURAL HISTORY*.......................................................*1*
*III.* *STANDARD OF REVIEW*........................................................................*2*
    *A.*   *Review of Final Decision*................................................................*2*
    *B.*   *Review of Report and Recommendation*............................................*3*
*IV.*  *OBJECTIONS*.......................................................................................*4*
    *A.*   *Dr. Manshadi's Opinions*...............................................................*5*
    *B.*   *Credibility Determination*...............................................................*7*
    *C.*   *Vocational Expert Testimony*..........................................................*9*
*V.*   *CONCLUSION*......................................................................................*9*

## I. INTRODUCTION

The matter before the court is Defendant Commissioner of Social Security's ("Commissioner") Objections ("Defendant's Objections") (docket no. 18) and Plaintiff Izet Tahirovic's Objections ("Plaintiff's Objections") (docket no. 19) to United States Magistrate Judge Mark A. Roberts's Report and Recommendation (docket no. 17), which recommends that the court affirm in part and reverse and remand in part the Commissioner's final decision to deny disability benefits to Tahirovic.

## II. RELEVANT PROCEDURAL HISTORY

On November 8, 2018, Tahirovic filed a Complaint (docket no. 4), seeking judicial

review of the Commissioner's final decision denying Tahirovic's applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits. On March 14, 2019, the Commissioner filed an Answer (docket no. 9). On June 12, 2019, Tahirovic filed the Plaintiff's Brief (docket no. 13). On June 28, 2019, the Commissioner filed the Defendant's Brief (docket no. 14). On July 22, 2019, Tahirovic filed the Reply Brief (docket no. 15). On July 23, 2019, the matter was referred to Judge Roberts for issuance of a report and recommendation. On December 4, 2019, Judge Roberts issued the Report and Recommendation. On December 6, 2019, the Commissioner filed the Commissioner's Objections. On December 18, 2019, Tahirovic filed the Plaintiff's Objections. The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

#### A. *Review of Final Decision*

The Commissioner's final determination not to award disability insurance benefits is subject to judicial review. *See* 42 U.S.C. § 405(g). The court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id*. The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but

[it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

### B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id.* at 154.

### IV. OBJECTIONS

In the Defendant's Objections, the Commissioner argues that: (1) Judge Roberts erred in finding that the ALJ failed to properly weigh Dr. Manshadi's opinions; and (2) Judge Roberts erred in finding that the ALJ failed to properly evaluate Tahirovic's subjective allegations of disability. *See generally* Defendant's Objections at 2-8. In the Plaintiff's

4

Objections, Tahirovic argues that Judge Roberts erred in finding harmless error on the ALJ's improper reliance on vocational expert testimony. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 10-1 through 10-12), the court shall overrule the Defendant's Objections and the Plaintiff's Objections.

### A. *Dr. Manshadi's Opinions*

The Commissioner asserts that, "although the ALJ did not explicitly state the weight given to Dr. Manshadi's opinion, his discussion of the evidence clearly showed he rejected the opinion." Defendant's Objections at 2. The Commissioner's assertion is charitable, as the ALJ did not address Dr. Manshadi's opinions except in a passing reference in his discussion of the opinions of Dr. Marlene Ann Gernes, D.O., a non-examining specialist hired by Disability Determination Services to review Tahirovic's medical records. Significantly, the Commissioner does not object to Judge Roberts's finding that Dr. Manshadi "is [Tahirovic's] treating physician." Report and Recommendation at 8. The Commissioner also does not object to Judge Roberts's finding that Tahirovic "was limited to occasional handling and fingering with his left hand," *see id.* at 9, which is in direct contradiction to the ALJ's RFC determination that Tahirovic was capable of frequent handling and fingering with his left upper extremity. *See* AR at 17.

"The opinion of a treating physician is generally afforded 'controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (quoting *Wildman*, 596 F.3d at 964). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *See Hamilton v. Astrue*, 518

5

F.3d 607, 610 (8th Cir. 2008). When an ALJ discounts a treating physician's opinion, he or she "must 'give good reasons' for doing so." *Chesser*, 858 F.3d at 1164 (quoting *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012)). "Good reasons for assigning lesser weight to the opinion of a treating source exist where 'the treating physician's opinions are themselves inconsistent,' *Cruze* [*v. Chater*], 85 F.3d [1320,] 1325 [(8th Cir. 1996)], or where 'other medical assessments are supported by better or more thorough medical evidence,' *Prosch* [*v. Apfel*], 201 F.3d [1010,] 1012 [(8th Cir. 2000)]." *Id.*

Further, an ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

The court finds that the ALJ has not fully met these requirements. In the Report and Recommendation, Judge Roberts thoroughly reviewed Dr. Manshadi's opinions and treatment notes and points out that "Dr. Manshadi provided the only examining opinion regarding [Tahirovic's] use of his left hand." *See generally* Report and Recommendation at 9-13. Given the nature of Dr. Manshadi's opinions, and having reviewed the entire record, the court finds that the ALJ's failure to give any reasons, let alone "good reasons" for rejecting the opinions of Dr. Manshadi requires remand. *See Tilley v. Astrue*, 580 F.3d 675, 680 (8th Cir. 2009) ("The regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating source's opinion."). Further, the court finds that the ALJ failed in his duty to fully and fairly develop the record with regard to Dr. Manshadi's opinions. Therefore, the court determines that this matter should be remanded for further consideration of Dr. Manshadi's opinions. Accordingly, the court shall overrule the Commissioner's objections.

## B. Credibility Determination

The Commissioner asserts that "[t]he ALJ provided good reasons for why he discounted [Tahirovic's] subjective complaints." Defendant's Objections at 4. Contrary to the Commissioner's assertion, the ALJ did not provide any reasons, let alone good reasons for discounting Tahirovic's subjective allegations of disability. The Commissioner's citation to a non-examining doctor's review of Tahirovic's medical records which noted some activities of daily living, and the Commissioner's citation to various activities and medications used by Tahirovic in the record but never mentioned by the ALJ in his decision, do not constitute a proper credibility determination by the ALJ.

When assessing a claimant's credibility, "the ALJ must consider all of the evidence, including objective medical evidence, the claimant's work history, and evidence relating to the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)." *Vance*, 860 F.3d at 1120. In *Polaski*, the Eighth Circuit stated that:

> [t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions.

739 F.2d at 1322. The ALJ, however, may not disregard "a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009)).

Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010). If an ALJ discounts a claimant's subjective complaints, he or she is required to "make an express credibility determination, detailing the reasons for discounting the

testimony, setting forth the inconsistencies, and discussing the *Polaski* factors." *Renstrom*, 680 F.3d at 1066 (quoting *Dipple v. Astrue*, 601 F.3d 833, 837 (8th Cir. 2010)); *see also Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) (stating that an ALJ is "required to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found'" (quoting *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003))). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the court will not disturb the ALJ's credibility determination. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination."). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Igo*, 839 F.3d at 731 (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001)).

In his decision, the ALJ sets forth the law for making a credibility determination under the Social Security Regulations. *See* AR at 17. The ALJ failed to apply the law, however, in determining the credibility of Tahirovic's testimony and subjective allegations. Specifically, the Court finds that the ALJ's decision lacks any detail, let alone the required detail for discrediting a claimant and explaining the inconsistencies between the claimant's subjective allegations and the record as a whole. *See Renstrom*, 680 F.3d at 1066; *Ford*, 518 F.3d at 982; *see also Pelkey*, 433 F.3d at 578 (the ALJ must give reasons for discrediting a claimant). The ALJ offers nothing in terms of the *Polaski* factors and how those factors relate to Tahirovic's subjective testimony and credibility. The ALJ simply states that "[t]he residual functional capacity set forth above has been reduced to adequately reflect the limitations that flow from [Tahirovic's] severe medically determinable impairments based on the overall record of evidence and testimony provided at the hearing." AR at 20. This statement is not a credibility determination and does not adequately provide any reasons for

8

discounting Tahirovic's testimony. Because the ALJ's decision lacks any discussion of the reasons for discrediting Tahirovic, and lacks full consideration of *Polaski* or any of the *Polaski* factors, the Court finds that remand is appropriate for the ALJ to further develop the record with regard to Tahirovic's credibility. On remand, the ALJ shall set forth in detail his reasons for finding Tahirovic's subjective allegations to be credible or not credible. If on remand, the ALJ finds Tahirovic's testimony not to be credible, the ALJ shall fully explain the reasons for his credibility determination and fully explain the inconsistencies between Tahirovic's subjective allegations and the evidence in the record. Accordingly, the court shall overrule the Commissioner's objections.

### C. *Vocational Expert Testimony*

In the Plaintiff's Objections, Tahirovic objects to Judge Roberts's harmless error finding on the issue of whether the "ALJ could rely on the [vocational expert's] testimony regarding other work [Tahirovic] could perform." Plaintiff's Objections at 2. However, Tahirovic asserts that "[i]f the [c]ourt is remanding for other reasons, the [vocational expert testimony] issue, the [Report and Recommendation's] harmless error analysis, and the objections that follow to the [Report and Recommendation's] harmless error conclusion, need not be addressed by the [c]ourt." Here, the court is remanding this matter for further development of the record with regard to Dr. Manshadi's opinions and Tahirovic's subjective allegations of disability. *See* Sections *IV.A* and *IV.B* of this Order. As such the court agrees with Tahirovic that it need not address this objection, as the ALJ will hold a hearing on remand requiring further vocational expert testimony. Accordingly, the court the court shall overrule Tahirovic's objections.

### V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1)  The Objections (docket no. 18) filed by the Commissioner are **OVERRULED**;

(2)  The Objections (docket no. 19) filed by Tahirovic are **OVERRULED**;

9

(3)   The Report and Recommendation (docket no. 17) is **ADOPTED**; and

(3)   The final decision of the Commissioner is   **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

**DATED** this 13th day of February, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA